RALSTON BANK, a Nebraska
corporation, Plaintiff,

v.

KANSAS BANKERS SURETY
COMPANY, Defendant.

No. CV. 90–L–12.

United States District Court,
D. Nebraska.

June 17, 1992.

David J. Koukol, Schmid, Mooney Law
Firm, Omaha, Neb., for plaintiff.

Robert W. Ketter, Louis F. Eisenbarth,
Sloan, Listrom Law Firm, Topeka, Kan.,
John R. Baylor, Lincoln, Neb., for defendant.

## MEMORANDUM OPINION

STROM, Chief Judge.

This matter is before the Court on defendant Kansas Bankers Surety Company's (hereinafter "Kansas Bankers") (Filing No. 44), and plaintiff Ralston Bank's (Filing No. 47), cross-motions for summary judgment pursuant to Fed.R.Civ.P. 56.

In this removed action from the District Court for Douglas County, Nebraska, plaintiff Ralston Bank seeks a declaratory judgment with respect to Kansas Bankers' liability under a surety agreement entered into between Kansas Bankers and Ralston Bank. No claim is made that any term of the agreement in question is ambiguous. As such, the Court is merely called upon to apply the language of the Financial Institution Bond to the uncontroverted facts and

determine whether, as a matter of law, Ralston Bank's loss is covered by the Financial Institution Bond or whether it suffered a loss which is excluded from coverage. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

The facts are not in dispute. Ralston Bank is a banking corporation conducting business in Ralston, Nebraska. On September 25, 1989, Steven T. Rogers appeared at Ralston Bank and presented a certified check to the teller for deposit into the corporate checking account of River City Transport (hereinafter "River City") in the amount of $131,500. The check deposited was purportedly drawn on the account of J.A. Becker, P.C., at Packers National Bank, Omaha, Nebraska. The face of the check also bore a stamp indicating that the check was apparently "Certified" in the amount of $131,500 on September 23, 1989, by one "Ellen Davis, Cashier." Immediately after depositing the check, River City purchased $129,500 worth of cashier's checks from Ralston Bank. Prior to the deposit of the $131,500 check into River City's account, River City did not have sufficient funds in its account to purchase those cashier's checks.

After crediting River City's account in the amount of $131,500, and after permitting River City to withdraw $129,500, Ralston Bank's operations officer was advised on September 28, 1989, that the $131,500 check was not certified by Packers Bank & Trust Company, the successor to Packers National Bank, and that the drawee was not a customer of that bank.

Pursuant to the surety agreement, Kansas Bankers agrees to indemnity Ralston Bank for:

(A) Loss resulting from dishonest or fraudulent acts committed by an Employee acting alone or in collusion with others.

Such dishonest or fraudulent acts must be committed by the Employee with the manifest intent:

(a) to cause the Insured to sustain such loss, and

(b) to obtain financial benefit for the Employee or another person or entity.

\* \* \* \* \* \*

(B)(1) Loss of Property resulting directly from

(a) robbery, burglary, misplacement, mysterious unexplainable disappearance and damage thereto or destruction thereof, or

(b) theft, false pretenses, common-law or statutory larceny, committed by a person present in an office or on the premise of the Insured,

while the property is lodged or deposited within offices or premises located anywhere.

\* \* \* \* \* \*

(D)(2) transferring, paying, or delivering any funds \* \* \* on the faith of any written \* \* \* advices directed to the Insured and \* \* \* acknowledging the \* \* \* receipt of funds \* \* \* which \* \* \* advices purport to have been signed \* \* \* by any banking institution but which \* \* \* advices \* \* \* bear a signature which is a Forgery of such \* \* \* banking institution. \* \* \*

(Financial Institution Bond, Insuring Agreements (A), (B) and (D), Filing No. 12).

Excluded from coverage under the bond is loss resulting directly or indirectly from payments made or withdrawals from a depositor's account involving items of deposit that are not finally paid for any reason, including, but not limited to, forgery or any other fraud, except when covered under Insuring Agreement (A). (Financial Institution Bond, Exclusion (o), Filing No. 12).

Plaintiff does not contend that the transaction which gave rise to this cause of action is covered under Agreement (A) as quoted above. Ralston Bank maintains, rather, that Kansas Bankers is required to indemnify plaintiff pursuant to Insuring Agreement (D)(2) of the Financial Institution Bond. Plaintiff maintains that absent any exclusions to Insuring Agreement (D)(2), the scenario in question is a covered loss under the bond due to Ralston Bank's reliance upon the apparent certification of the $131,500 check.

The financial institution bond defines forgery as

(i) Forgery means the signing of the name of another person or organization with intent to deceive; it does not mean a signature which consists in whole or in part of one's own name signed with or without authority, in any capacity, for any purpose.

(Financial Institution Bond, Definitions, Section 1(i) (Filing No. 12)). Plaintiff contends that because the word "cashier" immediately follows the signature of Ellen Davis, the person who signed "Ellen Davis" was also signing the name of another organization, presumably Packers. Plaintiff claims that this representation of authority is a forgery because it is a fraudulent misrepresentation of a "cashier" and an unauthorized representative acting on behalf of Packers.

There is no indication, however, that Ellen Davis signed as a representative of either Packers National Bank or of Packers Bank & Trust Company. The certified stamp that was used on the check did not have any bank's name on it, and there is no handwritten entry of any bank's name within the certification stamp on the check. As such, there is no proof that the person who wrote "Ellen Davis, Cashier," was signing the name of another organization as plaintiff contends and as the bond definition of forgery requires. Furthermore, as plaintiff has agreed that there is no evidence that the signature of Ellen Davis within the purported certification stamp on the check was not signed by Ellen Davis, the signature of "Ellen Davis, Cashier" cannot be proven to be a forgery as defined by the policy.

■ Plaintiff also contends that Insuring Agreement (D)(2) should cover plaintiff's loss due to Ralston Bank's reliance upon the purported certification of the $131,500 check. Plaintiff contends it was entitled to rely upon the bogus certification, citing a provision of the Uniform Commercial Code, which states: "Certification of a check is acceptance." U.C.C. § 3-411(1). "Acceptance is the drawee's signed engagement to honor the draft as present-ed." U.C.C. § 3-410(1). However, the drawee, Packers National Bank, is a bank that does not exist, and the draft in question was drawn on an account that did not exist. There is no indication that U.C.C. §§ 3-410 and 3-411 were intended to apply in situations where the certification and the account are fraudulent.

■ However, even if the Court were to find that the check, or the certification upon the check, is a forgery, Exclusion (o) of the bond still operates to preclude coverage for plaintiff's loss, as it explicitly provides that the bond does not cover losses resulting directly or indirectly from payments made or withdrawals from depositor's accounts involving items of deposits which are not finally paid, for any reason, including but not limited to forgery or any other fraud. Although plaintiff maintains that Exclusion (o) covers only non-certified items, there is no such language within the text of the exclusion, and the Court will not read such language into the bond.

Although plaintiff has submitted evidence that Exclusion (o) is typically directed at excluding coverage for check kiting schemes, it does not belie the point that the language of Exclusion (o) specifically excludes coverage for losses of any kind involving items of deposit which are not finally paid. The reason that an item of deposit is not finally paid has no significance under Exclusion (o).

As the Court concludes that Exclusion (o) of the Financial Institution Bond precludes Ralston Bank from recovering the loss that gave rise to this action, the Court will grant defendant Kansas Banker's motion for summary judgment and deny plaintiff Ralston Bank's motion for summary judgment. An order in conformity with this memorandum opinion will be entered this date.